IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILBERT WILSON, # 10376-035,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1518-L |
| | ) | |
| **DAN JOSLIN, Warden,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently confined at the Federal Correction Institution (FCI) Seagoville, in Seagoville, Texas. Respondent is the warden at FCI Seagoville. The court has not issued process pending a preliminary screening of the habeas petition.

Statement of Fact: Petitioner was convicted in the United States District Court for the Western District of Louisiana for conspiracy to possess with the intent to distribute narcotics. United States v. Wilson, 3:99cr50082-02 (W.D. La.). Punishment was assessed at 120 months imprisonment on August 4, 2000. Id.

In this action Petitioner challenges the BOP's calculation of good time credits under 18 U.S.C. § 3624(b). (Pet. at 1-2). He seeks credit for an additional seven days of good-time credits for each year that he will serve for his sentence – namely, the difference between the 47 days of

good time credits that she will earn for each year served in prison, and the 54 days he claims to be entitled to for every year imposed at the time of sentencing. (Pet. at 2-3).[1]

Findings and Conclusions: The Fifth Circuit recently addressed the challenge to the method of the BOP's calculation of good time credits as alleged in this case. See Sample v. Morrison, 406 F.3d 310, 312-13 (5th Cir. 2005) (per curiam). It concluded that Sample's claim was not ripe for judicial review because he was not eligible for release until 2012. "Given the temporally distant and speculative nature of Sample's claim, his allegations do not establish that 'he will sustain immediate injury' and 'that such injury would be redressed by the relief requested.' " Id. at 312. As a result, the Fifth Circuit dismissed the appeal for lack of subject matter jurisdiction. Id.

Assuming *arguendo* that it had subject matter jurisdiction, the Fifth Circuit "disagree[d] with . . . [the petitioner's] contention that the 'plain language' of 18 U.S.C. § 3624(b)(1) requires that his good time credit be computed in a manner that would award him '54 days' for each year of his 'term of imprisonment' based on the 'sentence actually imposed by the sentencing judge.'" Id. at 313. The Fifth Circuit then held that the statutory language of § 3624(b) was ambiguous and, thus, that the BOP's interpretation thereof was entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844, 104 S. Ct. 2778, 2782, 81 L. Ed. 2d 694 (1984). See Sample, 406 F.3d at 313 (agreeing with the holding of White v. Scibana, 390 F.3d 997, 999-1003 (7th Cir. 2004), cert. denied, 125 S.Ct. 2921 (2005); Pacheco-Camacho v.

---

[1] Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Petitioner states that he exhausted his administrative remedies before filing the petition in this case. (See Pet. at 1).

Hood, 272 F.3d 1266, 1269-71 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002)).  See also Perez-Olivio v. Chavez, 394 F.3d 45, 48-54 (1st Cir. 2005).

Like the petitioner in Sample, Wilson's release date from custody is temporally distant, i.e. on or about August 2010.  Therefore, his challenge to the method of the BOP's calculation of good time credits is not ripe for judicial review and should be dismissed for lack of subject matter jurisdiction.  Sample, 406 F.3d at 312-13.  Even assuming *arguendo* that this court would have subject matter jurisdiction, it concludes that Petitioner's claim lacks any merit because the BOP's interpretation of 18 U.S.C. § 3624(b), as embodied in 28 C.F.R. § 523.20, is reasonable and entitled to deference under Chevron.  Id. at 313.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 16th day of August, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.